In re the Arbitration of Lisa
OLSON, Respondent,

v.

AUTO–OWNERS INSURANCE
COMPANY, Appellant.

No. CX–02–1634.

Court of Appeals of Minnesota.

April 15, 2003.

Joseph J. Osterbauer, Michelle B. Osterbauer, Osterbauer Law Firm, Minneapolis, MN, for respondent.

Daniel A. Beckman, Kathleen M. Loucks, Gislason & Hunter, LLP, Minnetonka, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge, HARTEN, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge.

Appellant insurer challenges the district court's order confirming a no-fault arbitration award arguing that the arbitrator exceeded her powers by considering issues barred by collateral estoppel and res judicata. Because collateral estoppel and res judicata were inapplicable to the issues on remand, we affirm.

## FACTS

In February 1998, respondent Lisa Olson injured her back and knee in an automobile accident. Appellant Auto–Owners Insurance Company paid Olson medical and wage loss benefits for approximately one year. After Auto–Owners terminated Olson's no-fault insurance benefits, Olson petitioned for mandatory arbitration under Minn.Stat. § 65B.525 (2000).

At the hearing, the arbitrator focused, in part, on a November 2000 chart note and the operative report from Olson's March 2001 arthroscopic knee surgery. In the chart note, Olson's physician opined that an MRI scan of Olson's knee suggested a medial meniscal tear and that her car accident was "a significant contributing factor to this condition." The operative report following arthroscopic surgery indicated that there was no obvious meniscal tear and that the only unusual finding present was the amount of synovial overgrowth. The physician stated that the synovial overgrowth could be the cause of Olson's pain, but he did not offer an opinion as to whether or not the car accident caused the synovial overgrowth.

Following the hearing, the arbitrator issued a decision on August 9, 2001 that awarded Olson benefits related to her back injury. With respect to Olson's knee injury, the arbitrator stated that

the evidence suggests that the cause of Olson's continuing pain, disability, and ongoing need for treatment [of her knee] was synovial overgrowth. This arbitrator could find nothing in the records from either side to indicate whether the synovial overgrowth was or was not caused by the car accident of February 13, 1998.

As a result, the arbitrator indicated that she was "not denying the medical bills related to the knee injury as unrelated to

the car collision." Because there was insufficient evidence to determine whether the synovial overgrowth was causally related to the accident, the arbitrator stated that Olson "should be permitted to refile for arbitration if she obtains an opinion that the synovial overgrowth was caused by the * * * car collision."

Olson filed a second petition for arbitration of benefits related to her knee injury on August 18, 2001. Auto–Owners filed a motion to dismiss the claim in the district court, arguing that it was barred by the doctrines of collateral estoppel and res judicata. Olson countered with a motion to vacate the first arbitration award on the ground that the arbitrator had exceeded her powers by issuing an unresponsive award. The district court agreed with Olson, concluding that "the arbitrator * * * exceeded her authority by failing to resolve some of the issues submitted for arbitration." Accordingly, the district court vacated the award and ordered that the matter be remanded to the same arbitrator for resolution of Olson's claim for benefits related to her knee injury.

After the matter was remanded, Olson sent the arbitrator a report from her treating physician dated August 3, 2001. In this report, the physician opined that Olson's automobile accident was "a significant contributing factor to her ongoing knee pain * * *, her diagnosis of anterior synovial impingement and her subsequent need for arthroscopic surgical intervention." Auto–Owners was given an opportunity to respond to the additional evidence received. Then, without an additional hearing, the arbitrator issued a second award that included benefits related to Olson's knee injury.

Olson moved to confirm the second award in the district court. Auto–Owners moved to vacate the award, arguing that the arbitrator exceeded her powers by considering an issue barred by collateral estoppel and res judicata. The district court confirmed the award, concluding that

> [t]he lack of a final decision by the arbitrator on the issue of Olson's knee injury [in the first award] renders the doctrines of collateral estoppel and res judicata inapplicable to that issue.

This appeal follows.

## ISSUES

I.  Did the district court err in determining that the arbitrator exceeded her powers by failing to decide Olson's claim for benefits related to her knee injury in the first award?

II. Did the district court err in determining that collateral estoppel and res judicata were inapplicable to Olson's arbitration claim on remand?

## ANALYSIS

█ Under the Minnesota No–Fault Act, "arbitrators are limited to deciding questions of fact, leaving the interpretation of law to the courts." *Weaver v. State Farm Ins. Cos.*, 609 N.W.2d 878, 882 (Minn.2000) (citation omitted). An arbitration award must be vacated if an arbitrator has exceeded his or her powers. Minn. Stat. § 572.19, subd. 1(3) (2002).

### I.

█ As a preliminary matter, we consider whether the district court erred in determining that the arbitrator exceeded her powers by issuing the first award without resolving the claims related to Olson's knee injury.[1] Generally, "the arbitrator

---

1.  Appellant challenged the district court's order vacating and remanding the first award, and this court dismissed the appeal as taken from a nonappealable order. *Olson v. Auto–*

has jurisdiction to award, suspend or deny benefits." *Weaver*, 609 N.W.2d at 882. Arbitrators may exceed their powers, however, by issuing awards that are unresponsive to the issues submitted. *See Metro. Waste Control Comm'n v. City of Minnetonka*, 308 Minn. 385, 389, 242 N.W.2d 830, 832 (1976) (holding that arbitrators, acting under restricted submission, exceeded their powers by making a compromise award unresponsive to issue submitted).

The no-fault rules provide an arbitrator with broad authority in evidentiary and procedural matters. Although the rules require that an arbitrator declare a hearing closed after the parties have submitted all of their evidence, an arbitrator has the authority to leave the record open temporarily. Minn. R. No–Fault Arb. 25 states:

> The arbitrator shall specifically inquire of all parties as to whether they have any further evidence. If they do not, the arbitrator shall declare the hearing closed. If briefs or documents are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of said briefs or documents. The time limit within which the arbitrator is required to make his award shall commence to run upon the close of the hearing.

*See also* Minn. R. No–Fault Arb. 30 (stating that an arbitrator must issue award within 30 days of the close of a hearing). Moreover, the no-fault arbitration rules provide that

> [t]he parties may offer such evidence as they desire and shall produce such additional evidence as the arbitrator may deem necessary to an understanding and determination of the issues.

Minn. R. No–Fault Arb. 24. Allowing the arbitrator broad authority in such matters is consistent with the overall purposes of the no-fault act. *See* Minn.Stat. § 65B.42(1), (4) (2002) (stating that purposes include speeding administration of justice, easing burden of litigation on courts, and simplifying and decreasing expense of litigation).

▬▬▬ Under the no-fault rules, the arbitrator had the authority to leave the hearing open and to request that the parties submit additional evidence, if available, regarding the cause of Olson's knee condition. Instead, the arbitrator issued a decision that failed to determine one element of Olson's claim and concluded that Olson should be permitted to refile for arbitration after obtaining evidence of causation. The arbitrator's first decision did not award, suspend, or deny all benefits in dispute. Therefore, we conclude that the district court did not err in determining that the arbitrator exceeded her authority by issuing a decision that did not determine all the issues presented.

## II.

Auto–Owners argues that the district court erred in confirming the second arbitration award because the arbitrator exceeded her authority on remand by deciding issues that were barred by the doctrines of res judicata and collateral estoppel. We disagree.

▬▬▬ Issues concerning the availability of collateral estoppel and application of res judicata are reviewed de novo. *Care Inst., Inc.–Roseville v. County of Ramsey*, 612 N.W.2d 443, 446 (Minn.2000). Collateral estoppel "prevent[s] parties to an action from relitigating in subsequent actions issues that were determined in the prior action." *Nelson v. Am. Family Ins.*

*Owners Ins. Co.*, No. C2–02–171 (Minn.App. Mar. 5, 2002) (order). Judgment has been entered, and we now review the determination that the arbitrator exceeded her powers.

*See* Minn. R. Civ.App. P. 103.04 (on appeal from judgment, appellate court's "may review any order involving the merits or affecting the judgment").

*Group,* 651 N.W.2d 499, 511 (Minn.2002) (quotation omitted). Collateral estoppel does not apply unless there has been a final judgment on the merits. *Id.*

Res judicata, or claim preclusion, bars a second suit for the same claim by parties or their privies. Res judicata applies when (1) there has been a final judgment on the merits, (2) the same cause of action is involved, and (3) the parties are identical or in privity. *Sunrise Elec., Inc. v. Zachman Homes, Inc.,* 425 N.W.2d 848, 851 (Minn.App.1988) (citations omitted).

██ Auto–Owners argues that collateral estoppel and res judicata bar Olson's claim in the "second arbitration." But there was no second arbitration. Although Olson filed a second petition for arbitration, she did not proceed with the petition after the district court vacated the first award and ordered that the claim be remanded to the same arbitrator for further proceedings. Because there was no final judgment on the merits, collateral estoppel and res judicata are inapplicable to Olson's claims on remand. Accordingly, we conclude that the arbitrator did not exceed her powers by considering on remand Olson's claim for benefits related to her knee injury.

### DECISION

Because the arbitrator exceeded her powers by declining to decide in the first arbitration award the issue of what, if any, benefits related to Olson's knee injury, the district court properly vacated the award. Because collateral estoppel and res judicata were inapplicable to Olson's claim on remand, the district court did not err in confirming the second award.

**Affirmed.**